IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY A. OLKOLSKI, and<br>ANGELA OLKOLKSI,<br><br>        Plaintiffs,<br><br>v.<br><br>PT INATAI GOLDEN FURNITURE<br>INDUSTRIES, and WAL-MART<br>STORES, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 4:06-cv–4083-WDS<br>)<br>)<br>)<br>)<br>)<br>) |

## AGREED PROTECTIVE ORDER

This matter is before the Court on PT. Inatai Golden Furniture Industries' ("PTI") motion for entry of an agreed protective order. PTI seeks a protective order to restrict the use of certain proprietary and sensitive, non-public information relating to the design and manufacture of products in suit, information constituting a trade secret, non-public financial information, and personal or intimate information about any person that is otherwise protected from disclosure by any applicable law intended to protect privacy.

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect discoverable, yet confidential, material from public disclosure. PTI stipulates that confidential information in this case will only be used for the purposes of this litigation, and that a protective order will secure protected information from unauthorized disclosure. The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information, and that entry of a protective order is appropriate pursuant to Federal Rules of Civil Procedure 26(c). The Court, being fully advised and having determined that good cause exists for entry of a protective order, **GRANTS** the motion.

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

Any person subject to this Order—including without limitation the parties to any of this action, their representatives, agents, experts and consultants, all third parties providing discovery in any action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a) any and all documents relating to the manufacture of the subject product, Love Seat Rocker;

    (b) any and all documents relating to the design of the subject product, Love Seat Rocker;

    (c) any and all documents, including, but not limited to, specifications, design drawings, blueprints, schematics, and any other document that relates to the construction, design, and operation of the subject product, Love Seat Rocker;

    (d) any and all documents, including reports, of persons who designed, manufactured, tested, or otherwise inspected the subject product, Love Seat Rocker;

    (e) previously nondisclosed or nonpublic financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

   (f) previously nondisclosed or nonpublic material relating to ownership or control of any non-public company;

   (g) previously nondisclosed or nonpublic business plans, product information, trade secrets, marketing plans, or other commercially sensitive information;

   (h) any information of a personal or intimate nature regarding any individual, or any information that is protected from disclosure by any applicable law intended to protect privacy; or

   (i) any other category of information hereinafter given confidential status by the Court.

  3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, provided that designator also produces for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the question and answer shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

  4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter by treated as Confidential under the terms of this Order.

  5. No person subject to this Order other than the producing person shall disclose any

of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a)    the parties to these actions;

    (b)    counsel retained specifically for any of these actions, including any paralegal, clerical and other assistant employed or retained by such counsel assigned to this matter;

    (c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in any of these actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with these actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f)    stenographers engaged to transcribe depositions conducted in these actions; and

    (g)    the Court and its support personnel.

6.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as a Exhibit "A" hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it

to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleading, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties shall use their best efforts to minimize such sealing.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, the dispute shall be submitted to the Court. Until a dispute is resolved, the material designated as Confidential shall remain Confidential hereunder.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. This Protective Order supersedes any prior protective order entered in this case. However, any Discovery Material that was previously designated as Confidential pursuant to any prior order and that would also qualify for such designation pursuant to this Protective Order is automatically deemed protected by this Protective Order.

11. The parties and all others who sign the non-disclosure agreement must, further agree to proceed as if this order is in full force following the termination of litigation. Within 30 days of the final disposition of these actions, all Discovery Material designated as Confidential, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the

producing person, destroyed.

      12.    Nothing herein shall prevent any party from seeking further or additional protection for Confidential Discovery Material in these proceedings.

**DATED:  September 4, 2007**

                                              *s/ Donald G. Wilkerson*
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**