IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GREGORY A. OLKOLSKI and ANGELA OLKOLSKI, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:06-cv-4083 WDS |
| | ) | |
| PT INATAI GOLDEN FURNITURE INDUSTRIES and WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Currently pending before the Court are Defendants' Motions for Entry of Protective Order Limiting the Scope of the Discovery Deposition of Donna Muholland (Doc. 92), to Quash the Discovery Deposition of Sharon Snyder (Doc. 96), and Plaintiffs' Motion to Serve in Excess of 25 Interrogatories (Doc. 117). A hearing was held on these motions before the undersigned on August 5, 2008 (Doc. 132). For the reasons set forth below the Motion for Protective Order Limiting the Scope of the Discovery Deposition of Donna Mulholland (Doc. 92) is **GRANTED**, the Motion to Quash the Discovery Deposition of Sharon Snyder (Doc. 96) is **DENIED,** and the Motion to Serve in Excess of 25 Interrogatories (Doc. 117) is **GRANTED**

## BACKGROUND

This products liability lawsuit is an action for damages by Plaintiff Gregory A. Olkolski charging Defendants PT Inatai ("PTI") and Wal-Mart with negligence. Plaintiff Angela Olkolski claims damages for loss of consortium. At issue in this lawsuit is a Mainstays Loveseat Rocking Chair manufactured by PTI and sold by Wal-Mart in its Marion, Illinois, store.

Plaintiff Gregory Olkowski alleges that on May 4, 2008, he was shopping in the Wal-

Mart store in Marion, Illinois, where a MainStays Loveseat Rocking Chair, manufactured by Defendant PTI, was displayed. Plaintiff alleges that he sat in the rocking chair on display in the store and the chair came apart. He fell over backwards and was injured. He alleges Defendant PTI knew of other chairs they had manufactured that had broken and therefore Defendant PTI should have known that the rocking chair in question in this case was defective.

During the course of discovery PTI identified and produced documents regarding two prior incidents--the Stalnaker and Clements claims--in which a rocking chair similar to the one at issue here had broken. Specifically, Defendant PTI produced a letter from Donna Mulholland regarding the Stalnaker claim. At the hearing, Defendant PTI waived any claim of privilege for Ms. Mulholland regarding the Stalnaker or Clements claims. PTI argued, however, that the insured-insurer privilege applies to the insurer's file on Plaintiffs' claim and any testimony Ms. Mulholland might give regarding her investigation thereof.

## MOTION FOR PROTECTIVE ORDER (DOC. 92)

Plaintiffs served a subpoena for a deposition on Donna Mulholland, an investigator hired by AIG, the insurer of Defendant PT Inatai.[1] Mulholland was hired to investigate the facts of both Plaintiffs' claim and the Stalnaker claim. Defendant PT Inatai requests this Court issue a protective order to limit the scope of Ms. Mulholland's deposition. Specifically, PTI requests that any questions of Ms. Mulholland be limited to prior claims involving PTI-manufactured rocking chairs.[2]

---

[1] Although PT Inatai initially argued that the service of the subpoena was procedurally defective this argument was abandoned at the August 5th hearing.

[2] PTI's written motion sought a protective order limiting the Mulholland deposition to questions regarding only the letter related to the Stalnamker claim, and ordering that no questions be asked whatsoever regarding the Olkolski claim. At the August 5 hearing, PTI stated it would not

Plaintiffs argue that PTI has waived any claim of privilege by producing documents regarding defective rocking chairs, specifically, the Stalnaker letter, and other documents. Plaintiffs argue that because the documents involve the same defendants and the same product, the privilege has been waived as to the claims at issue here.

The parties do not dispute that Donna Mulholland can testify in deposition regarding documents produced on the Stalnaker and Clements claims. The question before the Court, therefore, is whether production of the documents relating to the other claims constituted a waiver of the privilege as it relates to the claim in this action.

Pursuant to Federal Rule of Evidence 501, federal courts presiding over a diversity action should look to state, not federal, law in evaluating the nature and scope of an asserted privilege. Under Illinois law, the attorney-client privilege protects confidential communications between an insured and an insurer. People v. Ryan, 197 N.E.2d 15, 17-18 (Ill. 1964). The privilege protects communications originating from either the insurer or the insured. Midwesco-Paschen Joint Venture v. IMO Indus. Inc., 638 N.E.2d 322, 327 (Ill. App. Ct. 1994). Confidential communications made to representatives of the attorney such as paralegals, secretaries, file clerks, or investigators employed by the attorney are also covered by the privilege. Boettcher v. Fournie Farms, Inc., 612 N.E.2d 969, 973 (Ill. App. Ct. 1993); see also People v. Knippenberg, 362 N.E.2d 681, 683-84 (Ill. 1977).

Under Illinois law, the communications between Donna Mulholland, Defendant PTI's insurance investigator are privileged and therefore protected from discovery. See Ill. Sup. Ct.

---

object to inquiry into prior claims. PTI insisted, however, that her testimony as to the Olkolski claim was protected by the insured-insurer privilege and the attorney-client privilege.

Rule 201(b)(2). Allowing Plaintiffs to question Donna Muholland as to the nature of her investigation of their claims would undermine the public policy underlying the privilege which seeks to keep client communications protected. Defendant PTI is entitled to investigate the claims against them without fear that confidential communications will be disclosed in a potential lawsuit. Accordingly, Defendant's motion for Protective Order is therefore, **GRANTED.** The deposition of Donna Mulholland shall proceed. Plaintiffs shall not inquire into protected communications involving the Olkolski claim.

### MOTION TO QUASH DEPOSITION OF SHARON SNYDER (DOC. 96)

Defendant PTI argues that any communications between Sharon Snyder, a casualty examiner at AIG responsible for determinations in the Olkolski claim, and the insured or witnesses in this case are privileged under the insured-insurer and attorney-client privilege. Defendant PTI contends that any communications between Ms. Snyder and the insured are related to claims handling. Any testimony Ms. Snyder would give regarding investigation, statements, or documents she has handled in this lawsuit are, therefore, privileged and not discoverable. Plaintiffs' deposition subpoena also requests "any and all documents stored in any format regarding Plaintiff's claim . . . or involving furniture manufactured by PT Inatai Golden Furniture Industries and sold by Wal-Mart." PTI argues that these requested documents are privileged. Defendant PTI seeks that the requests for documents be quashed.

Plaintiffs argue that Defendant PTI waived the privilege by producing privileged documents in discovery--specifically e-mails regarding prior claims--generated by Sharon Snyder in this lawsuit.

The Court finds that any confidential communications, including documents, between

Ms. Snyder and parties regarding the Olkolski claim are privileged. The Court finds, however, that Ms. Snyder can be questioned about any e-mails she produced to Plaintiffs involving other claims. Thus, the Plaintiffs may conduct a deposition of Ms. Snyder, but it must be limited to non-privileged communications involving the other claims.[3] Accordingly, Defendants' motion to quash the deposition of Sharon Snyder is **DENIED**.

**MOTION TO SERVE IN EXCESS OF 25 INTERROGATORIES (DOC.117)**

Plaintiff's motion seeks permission to serve more than 25 interrogatories. At the August 5 hearing, he Defendants agreed to answer and supplement these interrogatories. Accordingly, this motion is **GRANTED.**

**DATED: September 29, 2008**

> *s/ Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**

---

[3] The Court notes that Plaintiffs will have to re-serve Ms. Snyder with a deposition subpoena that comports with the Federal Rules of Civil Procedure.