# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREGORY A. OLKOLSKI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 06-CV-4083-WDS |
| | ) | |
| PT INATAI GOLDEN FURNITURE | ) | |
| INDUSTRIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendants' motions for summary judgment (Docs 120 & 122) on plaintiffs' claim for punitive damages in Count II against defendant PT Inatai Golden Furniture and in Counts IV, V, and VI against defendant Wal-Mart. Plaintiffs have filed a joint response to these motions (Doc. 141) and defendants have filed replies (Docs 142 & 143).

## BACKGROUND

Plaintiffs filed their amended complaint (Doc. 73) alleging that in May of 2004 the plaintiff, Gregory Olkolski, was injured while shopping at Wal-Mart when he sat on a white, wooden rocking chair which was on display at the store. The leg of the chair broke, causing plaintiff to fall over backwards. Plaintiff alleges that he sustained a possible posterior glenoid fracture with labral injury consistent with a reverse Bankart type lesion to his shoulder. The rocking chair was manufactured by defendant PT Inatai Golden Furniture Industries and sold by Walmart. Counts I-III are against defendant PT Inatai seeking recovery for negligence, strict liability and loss of consortium. Counts IV-VIII are against Wal-Mart seeking recovery for negligence (Count IV), strict liability (Count V), premises liability/willful and wanton conduct (Count VI), premises liability negligence (VII), and loss of consortium(VIII).

In the amended complaint, plaintiffs added their claims for punitive damages against the

defendants in Counts II, III, IV and VI. Defendants assert that plaintiffs cannot sustain a claim for punitive damages because they cannot establish that there was conduct that would give rise to this type of damage. Plaintiffs, in turn, assert that this is exactly the type of case where punitives are warranted.

## SUMMARY JUDGMENT STANDARDS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## DISCUSSION

In Illinois, "punitive damages are not favored in the law," and they "will be awarded only where the defendant's conduct is willful or outrageous due to evil motive or a reckless indifference to the rights of others." *Franz v. Calaco Dev. Corp.,* 818 N.E.2d 357, 366 (Ill App. Ct. 2004). Unlike compensatory damages, which are designed to make an injured party whole, "Illinois views punitive damages as a punishment designed to serve three distinct purposes: (1) to act as retribution against defendant; (2) to deter defendant from committing similar wrongs in the future; and (3) to deter others from similar conduct." *NC Ill. Trust Co. v. First Illini Bancorp, Inc.,* 752 N.E.2d 1167, 1180 (Ill. App. Ct. 2001); *see also Franz,* 818 N.E.2d at 366 ("The purposes of punitive damages are punishment of a specific defendant and both general and specific deterrence...."). "[T]he trial court may submit the issue of punitive damages to the jury

2

only if the plaintiff has made out a *prima facie* case for such damages,"*Id*. at 370.

1. **<u>Evidence in the record.</u>**

In this case, the evidence presented in the record is that before the injury in question, there were a limited number other cases of rocker malfunctions. In February of 2004, a customer named Charles Stalnaker fell off a rocker after its back gave away. The cause of his injury, and the flaw in the rocker, if any, was wholly different from that in this case. Moreover, the record reveals that defendant PT Inati did not have notice of the Stalnaker incident until two weeks after plaintiff's incident. The second incident involving this type of rocker occurred in May of 2004, in Virginia. No case was opened in that incident, nor any claim filed.

Plaintiffs cite to the fact that there were recalls in 2006 of three separate models of rockers, however, those rockers were not the model involved in this incident. (Nor does the record reflect that they were similar models, or that the designs or design defects were similar)(Pl. Ex. F, Doc. 141). Plaintiffs assert that the testimony of a former Wal-Mart employee, Linda Judd, offers the support they need to go forward with their claims for punitive damages. Judd's testimony was that while she worked at Wal-Mart she recalled four returns of rockers, but that she did not know what was wrong with the rockers (Judd Depo. Pl. Ex. C).

It is well settled that post-injury occurrences cannot establish pre-injury notice of a dangerous condition. Evidence of a subsequent design change is not admissible to show either negligence or wilful and wanton conduct in a product liability action. *Schaffner v. Chi. & N. W. Transp. Co.,* 541 N.E.2d 643, 649 (Ill. 1989). Therefore, the Court would not admit such evidence at trial in support of a claim for punitive damages, and will not consider it in this motion, either.

After careful review of defendants motions, plaintiffs' response, and the evidence in the record, the court agrees that punitive damages would not be appropriate in this case. There is

nothing in the record that shows that the conduct or knowledge of either defendant was so "willful or outrageous due to evil motive or a reckless indifference," *Franz,* 352 Ill. App.3d at 1137, 288 Ill. Dec. 669, 818 N.E.2d 357, as to make these claims eligible for punitive damages.

Accordingly, the Court **GRANTS** defendants' motions for summary judgment (Docs. 120 and 122) on plaintiffs' claims for punitive damages and will not allow the plaintiffs to seek punitive damages at the trial of this matter.

Also before the Court is defendant's motion to strike plaintiff's motion for disqualification of defendant PT Inatai's attorneys Johnson & Bell. The Court denied the motion to waive conflict (See Order at Doc. 127) therefore, the motion to strike is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: March 25, 2009.**

                                                **s/ WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**